IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| SHARDAYA COHEN<br>Individually and On Behalf<br>of all Others Similarly Situated, | § § § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. |
| SILVERTON INTERNATIONAL, LLC<br>d/b/a CAMEO OF CHARLOTTE,<br>DAMON WOOLUMS, and<br>SIRINITY (LAST NAME UNKNOWN), | § § § § § § | |
| Defendants. | § | |

# COMPLAINT

## I. SUMMARY

1. Plaintiff and Opt-in Plaintiffs work or worked as exotic dancers (also referred to as entertainers) at an adult entertainment club in Charlotte known as Cameo of Charlotte ("Cameo"). Defendants refuse to compensate these dancers at the applicable minimum wage required by federal and state law. In fact, Defendants classify their entertainers as independent contractors and do not pay them any wages at all. Their only compensation is in the form of tips received directly from patrons.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"), which require that, among other things, tipped employees to be paid a direct cash wage of at least $2.13 per hour in order to claim credit for tips against the minimum wage. *See* 29 U.S.C. § 203(m), § 206. Defendants also have violated the

FLSA and NCWHA in failing to compensate affected employees for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

3. Plaintiff and Opt-In Plaintiffs bring this hybrid class and collective action to recover unpaid minimum wage and overtime compensation owed to them individually and to other similarly situated employees, current and former, of Defendants.

## II.     JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331, and supplemental jurisdiction for NCWHA claims pursuant to 28 U.S.C. § 1367.

5. This Court is a proper venue for this action under 28 U.S.C §§ 1391(b)(2) and 1391(c) because a substantial part of the relevant conduct occurred here.

6. Upon information and belief, there are more than 300 members of the proposed North Carolina Class, and the amount in controversy, in the aggregate, exceeds $1 million exclusive of interest and costs.

## III.     PARTIES

7. Plaintiff Shardaya Cohen is a resident of Magnolia, Delaware, and has been employed by each Defendant from approximately November of 2013 to the present, working 14 to 16 hours in a typical weekend.[1]  Her written consent to participate in this action is attached as Exhibit "A."

8. Opt-In Plaintiff D'Mitri Henry is a resident of Charlotte, North Carolina and has been employed by each Defendant from approximately February of 2015 through August of 2015 and from September 2016 to the present, working 13 to 14 hours in a typical weekend.  Her written consent to participate in this action is attached as Exhibit "B."

---

[1] Typically, Cameo is open for business only Fridays and Saturdays, though the club sometimes opens on Sundays as well.

COMPLAINT                                                                                                                                  PAGE 2 OF 14

Case 3:18-cv-00059-GCM   Document 1   Filed 01/31/18   Page 2 of 14

9. Opt-In Plaintiff Jaslyn Fore is a resident of Columbia, South Carolina, and was employed by each Defendant from approximately June 2011 through October 2016. Her written consent to participate in this action is attached as Exhibit "C."

10. Opt-In Plaintiff Jada Brown is a resident of Orangeburg, South Carolina, and has been employed by each Defendant from approximately November 2013 through present. Her written consent to participate in this action is attached as Exhibit "D."

11. Defendant Silverton International, LLC d/b/a Cameo of Charlotte is a domestic for-profit limited liability company and may be served with process through its Registered Agent, United States Corporation Agents, Inc., at 6135 Park South Drive, Charlotte, North Carolina 28210.

12. Defendant Damon Woolums ("Woolums") is President of Defendant Silverton International, LLC, and is an individual doing business in Charlotte, North Carolina. He may be served with process at 15031 Cavanshire Trail, Charlotte, North Carolina 28278 or wherever he may be found.

13. Defendant Sirinity (last name unknown) ("Sirinity") is an individual employed as the "house mom" by Cameo of Charlotte Nightclub in Charlotte, North Carolina. She may be served with process at 3049 Scott Futrell Drive, Charlotte, North Carolina 28208 or wherever she may be found.

### IV. COVERAGE

14. Each defendant has suffered or permitted each plaintiff and each potential plaintiff to work.

15. Each defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to each plaintiff and each potential plaintiff.

16. Each defendant has been an employer of each plaintiff and each potential plaintiff within the meaning of the FLSA and the NCWHA.

17. Each plaintiff and each potential plaintiff has been an employee of each defendant within the meaning of the FLSA and the NCWHA.

18. Defendants Cameo and Woolums each has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that each has had employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19. Defendants Cameo and Woolums have each had annual gross volume of sales made or business done, exclusive of excise taxes, that exceeds the minimum required for FLSA enterprise coverage.

20. Plaintiff and each potential plaintiff were individuals engaged in commerce or in the production of goods for commerce as required by Sections 206-207 of the FLSA.

21. Defendant Damon Woolums ("Woolums") is the owner and operator of the adult entertainment club at which Plaintiff and Class Members are/were employed.

22. Defendant Sirinity (last name unknown) is employed as a "house mom" at Cameo of Charlotte.

23. Woolums and Sirinity control the nature, pay structure, and employment relationship of Plaintiff and Class Members. As such, pursuant to 29 U.S.C. § 203(d), each individual Defendant acted directly or indirectly in the interest of Plaintiff and all potential plaintiffs as their employer, which makes each of them individually liable.

24. At all times relevant to this lawsuit, Woolums and Sirinity had the authority to hire and fire employees, the authority to direct and supervise the work of employees, and the authority to make decisions regarding employee compensation, fines, clothing and appearance.

25. Woolums and Sirinity are responsible for the day-to-day affairs of the club. In particular, they were each responsible for determining whether the club complied with the FLSA and NCWHA.

## V. FACTS

26. Plaintiff Shardaya Cohen has worked as an entertainer at Cameo of Charlotte from approximately September of 2012 through current.

27. Opt-in Plaintiff D'Mitri Henry has worked as an entertainer at Cameo of Charlotte from approximately February 2015 through August 2015 and then again from approximately September 2016 through current.

28. Opt-in Plaintiff Jaslyn Fore worked as an entertainer at Cameo of Charlotte from approximately June of 2011 through October 2016 when she was terminated.

29. Opt-in Plaintiff Jada Brown has worked as an entertainer at Cameo of Charlotte from approximately November 2013 through the present.

30. None of the current plaintiffs or any of the other entertainers employed by Defendants receive a direct cash wage in return for their dancing at the club; rather, their only compensation is in the form of tips paid by customers.

31. Defendants require dancers to work schedules set by defendants.

32. Defendants also set "house fees" that the dancers are required to pay to defendants in return for being allowed to dance the club.

33. Defendants require dancers to share their tips with the disk jockeys who work at the club.

34. Defendants require dancers to share their tips with a "house mom" who works at the club.

35. Defendants impose "fines" on entertainers for various infractions, including missing stage calls.

36. Defendants direct dancers on the style and types shoes they are expected to wear when dancing.

37. Defendants otherwise control the dancers' appearance by requiring that they wear make-up, have their hair done, and undergo a "body check" by the house mom who decides whether their appearance and attire are acceptable.

38. Defendants sometimes require dancers to pay to have make-up applied by on on-site make-up artist before being able to take the stage.

39. Defendants control how much dancers can charge for "lap dances."

40. Defendants control which dancers are allowed to dance in each of the various "VIP" seating areas.

41. Defendants control the payment method entertainers can accept. For example, credit cards may not be accepted for lap dances.

## VI. COLLECTIVE ACTION ALLEGATIONS

### A. FLSA Collective Action

42. Plaintiff Shardaya Cohen brings this case as an "opt-in" collective action on behalf of other employees similarly situated pursuant to 29 U.S.C. § 216(b).

43. Those similarly situated (the "FLSA Collective") are as follows:

> All individuals who worked for defendants as dancers/entertainers at Cameo of Charlotte during the last three (3) years.

44. The total number and identities of the FLSA Collective may be determined from the records of defendants and they may easily and quickly be notified of the pendency of this action.

45. Plaintiff is similar to the FLSA Collective because all have been unlawfully denied payment of the Federal minimum wage pursuant to a common plan, policy or practice.

46. Plaintiff's experiences are typical of the experiences of the FLSA Collective.

47. Defendants' failure to pay minimum wage at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective.

48. Plaintiff's experiences are typical of those of the FLSA Collective.

49. Specific job titles or job duties of the FLSA Collective do not prevent collective treatment.

50. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

    **B.    RULE 23 Class Action**

51. Plaintiff re-alleges and incorporates by reference the facts set forth above.

52. Plaintiff and opt-in Plaintiffs (hereinafter "Plaintiffs" or "NCWHA Plaintiffs") bring this complaint for defendants' violations of the North Carolina Wage and Hour Act ("NCWHA"). N. C. Gen. Stat. § 95-25.1, *et seq.* as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a "North Carolina Class" defined as follows:

> All individuals who worked for defendants as dancers/entertainers at Cameo of Charlotte at any time from the date that is three years preceding the commencement of this action through the close of the court-determined opt-out period.

Plaintiff reserves the right to redefine the North Carolina Class prior to class certification.

53. <u>Numerosity</u>: Members of the North Carolina Class are so numerous that their individual joinder is impracticable. The precise number of North Carolina Class members is unknown to Plaintiffs. However, upon information and belief, it is in excess of 100 individuals. The true number of North Carolina Class members is, however, likely to be known by defendants, and thus, North Carolina Class members may be notified of the pendency of this action by first class mail, electronic, and published notice.

54. <u>Commonality</u>: There are numerous questions of law and fact common to Plaintiffs and the North Carolina Class; those questions predominate over any questions that may affect individual North Carolina Class members, and include the following:

   a. whether Plaintiffs and members of the North Carolina Class have been misclassified as independent contractors and actually were or are employees of Defendants;

   b. whether defendants have violated the rights of Plaintiffs and members of the North Carolina Class under the North Carolina Wage and Hour Act and common law by failing to pay them minimum wage, overtime premium wages, making illegal deductions from their wages, depriving them of other benefits of being employees and requiring them to pay Defendants' fees and expenses and make other payments to Defendants or those to whom Defendants mandated payment;

   c. whether Plaintiffs and members of the North Carolina Class are entitled to injunctive relief prohibiting Defendants from making illegal deductions from the wages of Plaintiffs and members of the North Carolina Class;

   d. whether Plaintiffs and members of the North Carolina Class are entitled to declaratory relief declaring that they are employees of Defendants;

   e. whether Plaintiffs and members of the North Carolina Class are entitled to injunctive relief requiring Defendants to convey to Plaintiffs and the North Carolina Class the rights, privileges and benefits of employees;

   f. whether the Defendants have been unjustly enriched at the expense of Plaintiffs and members of the North Carolina Class; and

   g. whether Plaintiffs and members of the North Carolina Class are entitled to certain types of pension and other benefits because they are employees of Defendants.

55. <u>Typicality</u>: Plaintiff's claims are typical of the other members of the North Carolina Class. Plaintiff is informed and believes that, like other entertainers, Plaintiff was misclassified as an

"independent contractors" when she actually was a statutory and common-law employee, and was therefore deprived the protections of employee status under the law. Plaintiff had the same duties and responsibilities as other North Carolina Class members, and was subject to the same policies and practices, and the same or substantially similar conditions of employment.

56. <u>Adequacy</u>: The named Plaintiff will adequately represent the interests of the Class. She has been treated in the same manner as other North Carolina Class Members by defendants and has been damaged by this treatment in the same manner as other class North Carolina Members by their loss of minimum wage, of overtime premium wages, and their payments to defendants and others mandated by defendants. Plaintiff is committed to vigorously prosecuting this action. Plaintiff has retained attorneys who are well qualified to handle lawsuits of this type. Plaintiff has no interest that are adverse to those of the North Carolina Class.

57. <u>Predominance</u>: This case should be certified as a class action because the common questions of law and fact concerning defendants' liability predominate over any individual questions, including the amount of damages incurred by each person.

58. <u>Superiority</u>: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the North Carolina Class. The expense and burden of individual litigation makes it impracticable for members of the North Carolina Class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

## VII. CAUSES OF ACTION

### A. FAIR LABOR STANDARDS ACT VIOLATION

59. Plaintiff re-alleges and incorporates by reference the facts set forth above.

60. Defendants' failure to pay minimum wage and overtime premiums to Plaintiff and the FLSA Collective violates the FLSA and the North Carolina Wage and Hour Act ("NCWHA"). 29 U.S.C. §§ 206, 207; N.C. Gen. Stat. § 95-25.22.

61. Defendants required Plaintiffs and potential plaintiffs to share tips with person who are not eligible to participate in a tip pool under the FLSA and NCWHA.

62. Defendants' failure to keep accurate records of the hours that Plaintiff and potential plaintiffs worked violates the FLSA and NCWHA.

63. Defendants' policy and practice by which it fails to inform tipped employees of the provisions of 19 U.S.C. § 203(m) violates the FLSA and NCWHA.

64. Defendants knew or should have known that their policies and practices violate the FLSA.

65. Defendants have not made a good faith effort to comply with the FLSA.

66. Rather, defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out their illegal practices.

67. Plaintiff, on behalf of herself, and all others similarly situated, seeks recovery of the minimum wage for all hours worked and overtime premium wages for all hours worked over 40 in a work week, an amount equal to such minimum wage and overtime premium wages as liquidated damages, and attorney fees and costs under the FLSA.

### B. VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT

68. NCWHA Plaintiffs re-allege and incorporate by reference the facts and allegations set forth above.

69. It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked.

70. It is unlawful under North Carolina law for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

71. It is unlawful under North Carolina law for an employer to make deductions from employee wages except for "cash shortages, inventory shortages, or loss or damage to an employer's property" but these deductions are only allowed after giving the employee written notice of the amount to be deducted.

72. It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked.

73. It is unlawful under North Carolina law for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

74. It is unlawful under North Carolina law for an employer to make deductions from employee wages except for "cash shortages, inventory shortages, or loss or damage to an employer's property" but these deductions are only allowed after giving the employee written notice of the amount to be deducted.

75. The Plaintiffs and members of the North Carolina Class do not meet the standards for exemption under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.14.

76. Defendants, through their policies and practices described above, willfully violated the NCWHA as follows:

> a. By failing to pay the members of the North Carolina Class their earned wages for all hours worked, in violation of N.C. Gen. Stat. § 95-25.6;

b. By failing to pay the members of the North Carolina Class overtime pay, in violation of N.C. Gen. Stat. § 95-25.4;

   c. By making deductions from wages in violation of N.C. Gen. Stat. § 95-25.8;

   d. By failing to make, keep, and preserve accurate time records with respect to the members of the North Carolina Class sufficient to determine their wages and hours in violation of N.C. Gen. Stat. § 95-25.15;

   e. By failing to provide lawful notice to the members of the North Carolina Class of their policies and practices or any change in its policies and practices concerning compensation in violation of N.C. Gen. Stat. § 95-25.13.

77. Defendants' actions, described above, constitute continuing willful violations of the NCWHA. N.C. Gen. Stat. § 95-25.1, *et seq*.

78. As set forth above, the members of the North Carolina Class have sustained losses in compensation as a proximate result of defendants' violations of the NCWHA. Accordingly, the Plaintiff, on behalf of herself and members of the North Carolina Class, seeks damages in the amount of their unpaid earned compensation, plus liquidated damages, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

79. Plaintiff, on behalf of herself and members of the North Carolina Class, seeks recovery of their attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding Plaintiff, members of the FLSA Collective and members of the North Carolina Class:

A. An Order certifying the North Carolina Class, appointing Plaintiff as Class Representative, and appointing the undersigned counsel of record as Class Counsel;

B. An Order for declaratory and injunctive relief designating the Plaintiff, members of the FLSA Collective and members of the North Carolina Class, as employees and enjoining defendants from pursuing the illegal policies, acts and practices described in this Complaint;

C. the applicable minimum wage for all hours worked;

D. overtime premiums for all hours worked over 40 in each workweek;

E. an amount equal to unpaid minimum wages as liquidated damages as allowed under the FLSA;

F. an amount equal to unpaid minimum wages and interest from the date each amount first came due at the rate allowed under the NCWHA;

G. liquidated damages at the highest amount available under the NCWHA in an amount equal to, or double, the unpaid minimum wages and interest at the rate from the date each amount first came due;

H. reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

I. reasonable attorney's fees, costs, and expenses of this action as provided by the NCWHA;

J. pre-judgment and post judgment interest at the highest rates allowed by law; and

G. such other relief as to which Plaintiff, members of the FLSA Collective and members of the North Carolina Class may be entitled.

Respectfully submitted,

RABON LAW FIRM, PLLC

*/s/ Charles H. Rabon, Jr.*
Charles H. Rabon, Jr.
NC Bar 16800
Gregory D. Whitaker
gwhitaker@usfraudattorneys.com
NC Bar 51065
225 E. Worthington Ave., Suite 100
Charlotte, NC 28203
Tel: 704-247-3247
Fax: 704-208-4645
Crabon@usfraudattorneys.com
gwhitaker@usfraudattorneys.com


YOUNG & NEWSOM, PC

Jeremi K. Young
State Bar No. 24013793
Collin J. Wynne
State Bar No. 24068815
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com
Collin@youngfirm.com

[*Pro Hac Vice* Applications
To be submitted]

*Attorneys for Plaintiff*