IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SHARDAYA COHEN, Individually and On Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SILVERTON INTERNATIONAL, LLC, d/b/a CAMEO OF CHARLOTTE, DAMON WOOLUMS, and SIRINITY (LAST NAME UNKNOWN),<br><br>Defendants. | Case No.: 3:18-cv-59-FDW-DCK<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
FED. R. CIV. P. 55 MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff SHARDAYA COHEN, Individually and on behalf of all others similarly situated (together the "Plaintiffs"), files this Memorandum of Law in Support of her Fed. R. Civ. P. 55 Motion for Entry of Default Judgment and shows the Court:

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

INDEX OF AUTHORITIES ............................................................................................... iii

EXHIBITS SUBMITTED IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT ............ 1

STANDARD ........................................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................ 1

CLASS/COLLECTIVE ACTION ......................................................................................... 2

ARGUMENT ....................................................................................................................... 2

   Defendants were Plaintiff's Employers under the FLSA ............................................. 2

   Each Plaintiff Is a Covered Employee .......................................................................... 3

DAMAGES .......................................................................................................................... 4

   Attorneys' Fees ............................................................................................................. 5

PRAYER .............................................................................................................................. 5

# INDEX OF AUTHORITIES

**FEDERAL CASES** *Page(s)*

*Anderson v. Foundation for Advancement, Education and
  Employment of American Indians*, 155 F.3d 500 (4th Cir. 1998)...................................1

*Andrews v. Am.'s Living Centers, LLC*, 1:10-CV-00257-MR-DLH,
  2017 WL 3470939 (W.D.N.C. Aug. 11, 2017)................................................................3

*Brock v. Hamad*, 867 F.2d 804 (4th Cir. 1989) ...................................................................3

*Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567 (10th Cir. 1994) .....................................3

*Mould v. NJG Food Serv. Inc.*, CIV. JKB-13-1305, 2014 WL 2768635
  (D. Md. June 17, 2014) ..................................................................................................4

*Portillo v. King of Pita Bakery Inc.*, 1:12CV1103, 2013 WL 3479651
  (E.D. Va. July 9, 2013) ..................................................................................................4

*Ryan v. Homecoming's Fin. Network*, 253 F.3d 778 (4th Cir. 2001) ..................................1

*Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006) ..........................................3

*Search v. Material Transp., LLC*, 4:18-CV-01941-RBH, 2019 WL 569569
  (D.S.C. Feb. 12, 2019) ...................................................................................................1

**FEDERAL STATUTES AND RULES**

29 U.S.C. §203(d) .................................................................................................................2

29 U.S.C. § 216(b) ............................................................................................................2, 5

**EXHIBITS SUBMITTED IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT**

| Exhibit | Document Description | Pages |
|---|---|---|
| A | Declaration of Shardaya Cohen | 1 - 3 |
| B | Declaration of Jada Brown | 4 - 6 |
| C | Declaration of Lakendra Dawson | 7 - 9 |
| D | Declaration of Jaslyn Fore | 10 - 13 |
| E | Declaration of D'Mitri Henry | 14 - 16 |
| F | Declaration of Jatoya Johnson | 17 - 19 |
| G | Declaration of Tracey Jones | 20 - 22 |
| H | Declaration of Tomika Watson | 23 - 25 |
| I | Declaration of Jeremi K. Young | 26 – 48 |
| J | Declaration of Charles H. Rabon, Jr. | 49 - 67 |

**STANDARD**

1.  A defendant's failure to answer allegations in a complaint constitutes default and an admission of "well-pleaded allegations of fact." *Ryan v. Homecoming's Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The court may enter a default judgment and make a determination on damages without the need for an evidentiary hearing. *See Search v. Material Transp., LLC*, 4:18-CV-01941-RBH, 2019 WL 569569, at *1 (D.S.C. Feb. 12, 2019) (*citing Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998)("[I]n come circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.")

**FACTUAL BACKGROUND**

2.  The Plaintiffs worked as exotic dancers or entertainers at the adult entertainment club in Charlotte known as Cameo of Charlotte ("Cameo"). (Doc. 1 at ¶¶ 26-35). Plaintiffs did not receive a direct cash wage in return for their work; rather, their only compensation was in the form of tips paid by customers. (Exhibits A-C, E-H ¶ 13; Ex. D ¶ 15). Plaintiffs were required to dance the schedules set by Defendants. Defendants set the "house fees" that the Plaintiffs were required to pay the Defendants before they could dance. (Exhibits A-C, E-H ¶ 19; Ex. D ¶ 17,

1

21). Plaintiffs were required to share their tips with disc jockeys and a "house mom" who worked at the club. (Exhibits A-C, E-H ¶ 16, 19; Ex. D 18, 21). Plaintiffs were required to pay fines for various infractions including missing stage calls. (Exhibits A-C, E-H ¶ 23; Ex. D ¶ 25).

3. Defendants directed Plaintiffs on the style and types of shoes they were to wear while dancing. Defendants controlled the Plaintiffs' appearance by requiring that they wear makeup, have their hair done, and undergo a "body check" by the house mom who decided whether their appearance and attire were acceptable. (Exhibits A-C, E-H ¶ 20, 22; Ex. D ¶ 22, 24). Defendants sometimes required Plaintiffs to pay to have their makeup applied by an on-site makeup artist before being able to dance. (Exhibits A-C, E-H ¶ 17, 19; Ex. D ¶ 19, 21). Defendants decided how much Plaintiffs could charge for "lap dances." (Exhibits A-C, E-H ¶ 19; Ex. D ¶ 21). Defendants controlled which of the Plaintiffs were allowed to dance in each of the various "VIP" seating areas. (Exhibits A-C, E-H ¶ 21; Ex. D ¶ 23). Defendants controlled the payment method Plaintiffs could accept (e.g., credit cards could not be accepted for lap dances).

## CLASS/COLLECTIVE ACTION

4. Although Plaintiffs originally sought to bring this action as a collective action under 29 U.S.C. § 216(b) and as a Rule 23 class action for violations of the North Carolina Wage and Hour Act, Plaintiffs do not seek conditional or class certification. Instead, they seek entry of judgment regarding only their individual claims.

## ARGUMENT

**Defendants were Plaintiffs' Employers under the FLSA**

5. Plaintiffs allege that each Defendant was their employer, as that term is defined under the FLSA. "Employer" is broadly defined and includes "any person" acting "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d).

Individuals may be liable for FLSA violations even where a corporate structure exists if that individual exercised substantial control over the terms and conditions of the employees' work. Plaintiffs have alleged that each of the individual defendants controlled the nature, pay structure, and employment relationship, had the authority to hire and fire, supervise, and make employment decisions as to the Plaintiffs. (Doc. 1 at ¶¶ 23-24). As such, the individual defendants were Plaintiffs' employer. *Brock v. Hamad*, 867 F.2d 804, 809 (4th Cir. 1989).

6. Similarly, Plaintiffs have alleged that each Defendant was an enterprise engaged in commerce, or the production of goods for commerce, within the meaning of Section 3 of the FLSA and that the Plaintiffs have engaged in commerce, or the production of goods for commerce, such that the Defendants are each an "enterprise" within the meaning of the FLSA.

**Each Plaintiff Is a Covered Employee**

7. "In determining whether a worker is an employee covered by the FLSA, the court considers the "economic realities" of the relationship between the worker and the putative employer." *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006) (quoting *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 570 (10th Cir. 1994)). "The focal point is whether the worker is 'economically dependent on the business to which [she] renders service or is, as a matter of economic reality, in business for [herself]." *Schultz*, 466 F.3d at 304. Plaintiffs have alleged a high degree of control by Defendants. Their duties involved mainly manual tasks not requiring a high degree of skill, required little investment in equipment or material, and they were employed for long periods of time. Therefore, each Plaintiff was a covered employee under the FLSA. *Andrews v. Am.'s Living Centers, LLC, 1:10-CV-00257-MR-DLH, 2017 WL 3470939, at *3 (W.D.N.C. Aug. 11, 2017)*

3

## DAMAGES

8. Each Plaintiff provided a sworn declaration identifying her dates of employment, typical days worked, and length of shift and the requirements to pay the Defendants house fees, and share their tips. (*See* Exhibits A-H). Using this data, Plaintiffs' counsel prepared detailed damages calculations for each Plaintiff. Because Plaintiffs were paid no direct cash wage by the Defendants, the proper measure of damages is the minimum wage ($7.25) for each hour worked and one and one half times the minimum wage for each overtime hour worked. *See Mould v. NJG Food Serv. Inc.*, CIV. JKB-13-1305, 2014 WL 2768635, at *4 (D. Md. June 17, 2014).

9. The table below summarizes the damages for each Plaintiff.

| Last Name | First Name | Back Pay | Liquidated Damages |
|---|---|---|---|
| Cohen | Shardaya | $ 13,452.91 | $ 13,452.91 |
| Brown | Jada | $ 15,374.75 | $ 15,374.75 |
| Fore | Jaslyn | $ 7,431.13 | $ 7,431.13 |
| Henry | D'Mitri | $ 12,031.91 | $ 12,031.91 |
| Johnson | Jatoya | $ 12,140.07 | $ 12,140.07 |
| Jones | Tracey | $ 15,374.75 | $ 15,374.75 |
| Watson | Tomika | $ 9,609.22 | $ 9,609.22 |
| Dawson | Lakendra | $ 9,446.16 | $ 9,446.16 |
| | | | |
| **Total** | | $94,860.90 | $94,860.90 |

10. Plaintiffs submit the Declarations of each opt-in Plaintiff, attached hereto as Exhibits A-H; and the Declaration of Plaintiffs' attorneys of record as Exhibits I and J, fully incorporated herein by reference, in support of the claims for damages and attorneys fees, respectively.

11. An award of liquidated damages in the default judgment context is appropriate. *See Portillo v. King of Pita Bakery Inc.*, 1:12CV1103, 2013 WL 3479651, at *8 (E.D. Va. July 9, 2013).

4

**Attorneys' Fees**

12. The FLSA provides for a mandatory award of fees and costs. 29 U.S.C. §216(b). Plaintiffs submit the declarations of Jeremi Young and Charles H. Rabon, Jr. in support of their request for attorneys' fees and costs. (*See* Exhibits I and J).

**PRAYER**

For these reasons, Plaintiffs move for entry of judgment for back pay and liquidated damages in the amounts listed in the table above, attorney's fees in the amount of $71,353.00 and costs in the amount of $5,355.98.

Should the Court deem it necessary in order to enter judgment, Plaintiffs pray that this Court set the matter for hearing and receive any additional testimony and evidence pursuant to Federal Rule of Civil Procedure 55(b)(2)(B).

Dated this 3rd day of May, 2019.

    Respectfully submitted,

    YOUNG & NEWSOM, PC

    By: /s/ Jeremi K. Young
    Jeremi K. Young
    TX State Bar No. 24013793
    Collin J. Wynne
    TX State Bar No. 24068815
    1001 S. Harrison, Suite 200
    Amarillo, Texas 79101
    Tel: (806) 331-1800
    Fax: (806) 398-9095
    jyoung@youngfirm.com
    collin@youngfirm.com

    - AND –

5

Case 3:18-cv-00059-FDW-DCK   Document 29   Filed 05/03/19   Page 8 of 9

Charles H. Rabon, Jr.
N.C. State Bar No. 16800
crabon@usfraudattorneys.com
Gregory D. Whitaker
N.C. State Bar No. 51065
gwhitaker@usfraudattorneys.com
RABON LAW FIRM, PLLC
225 E. Worthington Ave.Suite 100
Charlotte, NC 28203
Tel. 704-247-3247
Fax 704-208-4645

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that, on the date listed below, Plaintiff Shardaya Cohen's Memorandum of Law in Support of her Fed. R. Civ. P. 55 Motion for Entry of Default Judgment was filed with the Clerk of Court by using the ECF system, which will send Notice of Electronic Filing to all participants in the case who are registered users.

Additionally, this Memorandum of Law in Support of Fed. R. Civ. P. 55 Motion for Entry of Default Judgment was served via electronic mail to Damon Woolums at woolums1999@yahoo.com.

Dated: May 3, 2019.

By: /s/ Jeremi K. Young
Jeremi K. Young