UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00059-FDW-DCK

| | | |
|---|---|---|
| SHARDAYA COHEN, Individually and On Behalf of all Other Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | DEFAULT JUDGMENT |
| SILVERTON INTERNATIONAL, LLC, DAMON WOOLUMS, | ) ) ) ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Default Judgment. (Doc. No. 28). After considering the Motion, the declarations in support thereof, and other matters of record, the Court finds:

1. Plaintiff's Complaint was filed on January 31, 2018. (Doc. No. 1.)

2. On February 8, 2018, Silverton International, LLC d/b/a Cameo of Charlotte was served with the Summons and Complaint by Certified Mail, Return Receipt Requested. (Doc. No. 9). On February 10, 2018, Damon Woolums was served with the Summons and Complaint, in person, at his residence. (Doc. No. 10.)

3. Seven additional Plaintiffs subsequently opted in this action. (See Docs. Nos. 6, 15, 26, 27.)

4. Each Defendant's time to respond to the Complaint has passed.

5. Default was entered by the clerk of this court on May 10, 2018, and Defendants Silverton International, LLC, d/b/a Cameo of Charlotte and Damon Woolums have

failed to appear, respond, or otherwise defend this lawsuit since the Clerk's Entry of Default. (Doc. No. 18.)

6. Plaintiffs are entitled to default judgment against Defendants, jointly and severally.

7. The appropriate measure of damages under 29 U.S.C. § 216(b) for violations of the Fair Labor Standards Act (FLSA) is "the difference between the wage paid to the employee and the wage required" by law. Plaintiffs allege they were paid zero direct wages and therefore, are entitled to the minimum wage ($7.25) for each hour worked and one-and-one-half times the minimum wage for each overtime hour worked. (Doc. No. 29, p. 7.)

8. In claims for FLSA violations, pursuant to 29 U.S.C. § 216(b), "the court in such action in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

9. Plaintiffs' attorneys, Jeremi Young and Charles Rabon, Jr. have attached declarations showing fees and costs as reasonable in this action. (Docs. Nos. 29-9, 29-10.)

10. Pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

NOW THEREFORE, pursuant to Fed. R. Civ. P. 55(b), the Court enters judgment jointly and severally against Defendants Silverton International and Damon Woolums in favor of Plaintiff and opt-in Plaintiffs the total sum of $266,430.78, of which $189,721.80 shall be apportioned among the Plaintiffs as follows:

| Name | Back Pay/Unpaid Wages | Liquidated Damages |
|---|---|---|
| Cohen, Shardaya | $ 13,452.91 | $ 13,452.91 |

| | | |
|---|---:|---:|
| Brown, Jada | $ 15,374.75 | $ 15,374.75 |
| Fore, Jaslyn | $ 7,431.13 | $ 7,431.13 |
| Henry, D'Mitri | $ 12,031.91 | $ 12,031.91 |
| Johnson, Jatoya | $ 12,140.07 | $ 12,140.07 |
| Jones, Tracey | $ 15,374.75 | $ 15,374.75 |
| Watson, Tomika | $ 9,609.22 | $ 9,609.22 |
| Dawson, Lakendra | $ 9,446.16 | $ 9,446.16 |
| | | |
| **Total** | $94,860.90 | $94,860.90 |

Additionally, Plaintiffs are entitled to attorney fees in the amount of $71,353.00 and litigation costs in the amount of $5,355.98. This total judgment in the amount of $266,430.78 shall bear post-judgment interest at the rate established by 28 U.S.C. § 1961(a) from the date of this Judgment until the date this Judgment is paid.

It is further ORDERED, ADJUDGED, AND DECREED that Plaintiffs are entitled to all writs and processes in order to collect this judgment. The Clerk is RESPECTFULLY DIRECTED to CLOSE the CASE.

IT IS SO ORDERED.

Signed: June 17, 2019

Frank D. Whitney
Chief United States District Judge